a defensive calling role, and we can begin with the first case on the calendar for today, which is number 22582 Richardson vs. McMahon. Mr. Taubes, whenever you're ready. Good morning, your honors, and may it please the court. My name is Alexander Taubes, and I represent J.O. Richardson, the plaintiff appellant in this appeal. The district court concluded that a reasonable jury could find that the officer defendants in this case lie about the circumstances that they encountered at the scene of the alleged crime and the underlying matter in this case. That is, that the district court concluded that a reasonable jury could find that the story the officers told, that they arrived at the scene to meet with the alleged victim and her daughter, where they reported that a crime took place and that she had acted in self-defense in causing the grave injuries to my client, Mr. Richardson, that, in fact, a reasonable jury could conclude that that was not at all what the officers encountered when they made it to the scene of the crime that day. That, in fact, they came to the scene where only Mr. Richardson had been left with the alleged victim's children and the daughter of the alleged victim. How does that raise a question of fact on what is really the issue in this case of whether they should have asked him more before they arrested him or whether he was in refusing to talk, which is what they said, or not willing to talk, as against not able? I mean, I think everybody agrees, whether it was a lie or a misstatement or whatever, that the officers were inaccurate and perhaps lying about—that may be a question of fact—about whether the two, the mother and daughter, were there. But how does that link to the key issue in the case? So the key issue in the case is absence of probable cause. And as for the qualified immunity analysis, lack of arguable probable cause. Well, it's qualified immunity which comes down to the same thing. Right. And lack of probable cause, the district court concluded there was disputed facts as to the lack of probable cause because the officers do not now agree that they were inaccurate about what they encountered on the scene. They continue to maintain that when they arrived at the scene, they encountered the mother there, that she had not fled the scene of the alleged assault, which everyone agrees injured my client. She had not fled the scene leaving her children there with the person who she allegedly then said was hurting her. So these facts— But isn't the question whether or not at the time of the arrest, reasonable officers could disagree about whether or not there was probable cause for the arrest? And so judged at the time of the arrest, what is there, what is the evidence that eliminates that possibility, that reasonable officers could think that there's probable cause? Well, the officers' own position themselves suggests that a reasonable officer would not think that there's probable cause under the circumstances of the story as we tell it. There's two stories. Let's assume for the moment as a given that the daughter and the mother had time to talk. Does that mean that an officer would not have—a reasonable officer would not believe that there was reason to think that your client was the original assailant? I mean, you know, the other story might be more plausible, but it doesn't exclude it. That's why I focus on the question of whether they should have asked more because I assume that the officers were wrong and even knew they were wrong on that. But how does that necessarily mean that they didn't have—that a reasonable officer wouldn't think there was reason to arrest? Unless that goes to the question of his not asking him for more. I think it does go to the question of not asking for more evidence. There is no further investigation in this case beyond what occurred on the day of the arrest for the three years of prosecution resulting in a jury verdict of not guilty of my client. But it's very exculpatory of my client that the person who assaulted him, causing a gash to his head, left the scene and then was only brought back to the scene with the assistance of the officers and her daughter, who then a reasonable jury could find, gave a coordinated statement to the officers. Well, when she showed up, she was disheveled and wet, and the apartment as well was in the same condition. Well, the officers took no evidence that the apartment was disheveled or that bins was disheveled or wet. These are all post hoc details that have been added in support of summary judgment, and it really comes down to a credibility. No, that's not the case, that she was not disheveled and wet. I thought that was Officer Rivera's testimony. But that testimony is – well, I mean, a person being – whether a person being disheveled upon being brought back to the scene by the officers after having fleeing the scene, whether that alone supports probable cause, the district court didn't agree. The district court concluded that there were disputed material facts as to probable cause. And I don't think that the district court's ruling was that reasonable officers could disagree because bins was disheveled. I think that the issue was that the district court concluded there was no specific case with the same facts. But we have for decades in the Second Circuit, in cases of malicious prosecution with an absence of probable cause, defined the right at a higher level of generality than number of witnesses or number of statements. Here, where there's a disputed issue of material fact as to probable cause, and there's a highly polarized dispute, either the officer's story is true or it's not true, if the officer's story is true, then, yes, there was probable cause. But if the officer's story was not true, it was not objectively reasonable for the officers to not have probable cause and to lie about the circumstances. I'm sorry. Can you just explain to me, like, if the officers, what they said about the complainant not being on the scene, if that is not true, how does that defeat that there's arguable probable cause here? That's the part I'm struggling with. So let's say that the fact is we take entirely the plaintiff's version that the complainant was not on the scene when the officers arrived, the daughter calls, she comes back. How does that scenario not – why would an officer not have a basis for – would not have probable cause to arrest under that scenario? Well, under the circumstances of this case, where Binns was on bail and allegedly had been missing payments on her bail and had a very big incentive to lie, it's a very critical fact. Right, but does that go to – I mean, we're talking about we're judging this from at the time of the arrest. So if we start the scene of they get the call from Mr. Richardson, they arrive, they see he's injured. The complainant is not on the scene at the time. Daughter calls, she comes back, and they say that he assaulted them – assaulted her, rather. Why is that not probable cause? Well, for the malicious prosecution claim, it does continue all the way until the termination of the prosecution. So the other facts did come out, but the officers never corrected the record and never, as we would contend, told the truth about it. So maybe as the district court held, there was probable cause on the night of the arrest, distinguishing the false arrest claims from the malicious prosecution claims. But when all the facts came out, the officers continued to maintain that key facts were true that are clearly in dispute and material to probable cause. Thank you, counsel. We've reserved a few minutes for rebuttal. Mr. Mingacci. Good morning, judges. Joseph Mingacci on behalf of the defendants. The first thing is that Judge Hall concluded that the officers simply relied upon the statements of the mother and the daughter. And that because there was some familial relationship there, although concluding there was absolutely no evidence introduced of any kind of coordination of their statements – and she did conclude that – Judge Hall left out essential facts that are undisputed in this case. And Your Honor alluded to that previously with regard to the fact that the affidavits of McMahon and Rivera clearly indicate that they went to the apartment, they spoke to Ms. Binns in the apartment, they observed the condition of the apartment, which included the fact that it was messy, that there was water on the floor. They observed Ms. Binns' condition to be disheveled, to be wet above her head. But wouldn't reasonable officers, at least as a question of possible fact, ask a plaintiff what happened rather than simply arrest him without more? Now then there's the question of whether he didn't say more, if the officers asked or tried, and he didn't speak because he wasn't able to, or whether he refused to speak. And isn't that a question of fact? That is, if we assume that a reasonable officer in these circumstances, when you have somebody who was injured and calls and does that, would try to find out from that person what happened before arresting. If you make that assumption, then isn't there a question of fact as to whether they did that or didn't do that? Well, there's no question of fact, Your Honor, with regard to the fact that for whatever reason, whether the officers didn't act or Mr. Richardson was in such a condition as he admits, that he was unable to give information, there was no information available. That's undisputed. That's true. But if reasonable officers would have asked and did not, then there could be a case, so long as that's a question of fact. Now I'm not sure that that's a question of fact, and it isn't what the district court went on. But I'm troubled by the notion that where somebody calls the police and is injured, the police can arrest that person on the basis of what they've seen without asking that person more what went on and what the relationships of the other person were. And then simply arrest him. But that isn't at least a question of fact on qualified immunity. I'm not sure, but that's my problem. I don't believe that it is, Your Honor, because again, the undisputed facts are that Mr. Richardson, whether it was because of his condition or because the officers didn't act, he was given the opportunity. You can keep coming back to that. But if the problem with what the officers did was that they didn't ask, then that isn't a problem. If he was in a condition or if a reasonable officer would think he was in a condition, then you're home free. But if that isn't so, and it was simply because the officers didn't ask, then that is the ground for false arrest, or at least a ground of lack of probable cause. And I'd like you to focus on that and what – how do we know at this point rather than have a fact question, because if it's a fact question, then summary judgment is not appropriate yet, or it may be, on that issue. Well, I still don't think it's a question of fact, Your Honor, in all due respect for the reasons that I've stated. I think the officers – first of all, there's no requirement of the police officer to believe one person and disbelieve another. They have to make a judgment. I'm not saying there is. I'm just asking whether it is a duty for officers, before they arrest somebody who calls them because they are injured, to ask that person for details as to what happened. That's my question. Is there a duty to do that, and is the absence of doing that a ground for a case? I don't believe that it's a duty, Your Honor, that they have a duty to do anything other than to conduct an investigation. You don't think that if somebody comes in, all bleeding and hard, and somebody is injured, that there's a duty to ask that person what went on? I think it's remarkable. I thought there was some colloquy between the officers and Mr. Richardson, and it's disputed what exactly they discussed, and so maybe that is what Judge Calabresi is asking about. But at the end of the day, Your Honor, and I don't mean to be coming back to the same answer, but there was no information that was available to the officers about what had occurred, because according to Mr. Richardson, he was so affected by his injuries that he was unable to speak, that he was unable to tell the officers anything. The implication of that is clearly that he was asked. Why would he say he was unable to tell the officers anything had the officers not asked, or whether he believed that he had some obligation because he called 911 to tell the officers what happened? A reasonable officer would believe that they had done all that they needed to do because the person couldn't say more. That's what your argument has to be. Yes, Your Honor. Okay. Yes. Make it. So as I was saying, first of all, I think that there was probable cause here when you add the undisputed facts, which you see in the record are not disputed by the by the plaintiff. In fact, they admitted in their 5682 statement that the finding by the officer that the apartment was a wreck and that Ms. Binns appeared disheveled with her face, neck, and shirt being wet. Those facts are admitted. For whatever reason, Judge Hall didn't include that when she concluded that the officers failed to conduct an investigation. They did conduct an investigation. They went to the apartment, the scene of the alleged occurrence, made observations not only about the apartment but about Ms. Binns, and the lack of physical injuries doesn't comport with the claims in this case because what Ms. Binns claimed was that she was choked as he was pouring water on her. She never claimed she was struck, punched, kicked, anything that would manifest a physical injury. So the absence of physical injury in terms of choking in and of itself is not insufficient with regard to concluding that everything else that Ms. Binns was claiming about what happened, corroborated by the fact that the apartment was disheveled and that she was wet after having said that he poured water on her, gave these officers sufficient probable cause to arrest Mr. Richardson. Even if we were to assume that there was some issue. Judge Hall didn't discuss that in her qualified immunity analysis, right? In her, well, in her qualified immunity argument, she did make reference to it. Okay. She did. She did reference the fact that the officers noted that she appeared wet and did bring that into her finding with regard to arguable probable cause. Okay. Then what were the material issues of fact that she noted? As far as finding that there was probable cause? As finding that there were. There was an issue of probable cause. She said that there were likely disputes of material fact. Well, that was with regard to the, I think, with regard to the investigation. That was the only thing I could conclude from her opinion. But the fact is she omitted undisputed facts that I think were quite material and added to why there was probable cause. She said that as to some aspects of the investigation, not enough was done. And the question, that's why I kept coming back to the only point where ultimately there is an issue. And you answer that issue after I've tried very hard to get it out of you. I say that he himself said that he could not answer more, and therefore there was enough that the officers did what any reasonable officers would have done. That's your answer, that there was enough investigation because of that. And if there was, then summary judgment could be given. If instead it's a question of fact whether the officers followed through at all with him, then a question of fact means you don't give qualified immunity at this stage. But you've said there is no question of fact on that because he himself said, I didn't answer because I couldn't. Yes. Yes, Your Honor. And with regard to the additional information that wasn't included in the probable cause analysis by Judge Hall, is the undisputed fact with regard to the condition of the apartment and the condition of the blanket. Judge Hall assumed that because there was no finding of physical injury, that there was no evidence of physical injury, when the claim was a choke, not a punch, not a kick, nothing that would necessarily manifest a physical injury, that therefore there wasn't enough done. But in fact, the officers did further investigate before charging Mr. Richardson with assaulting the plaintiff. And one last thing, if I might, Your Honor, with regard to the plaintiff's continuous claim that these officers lied, there's absolutely no evidence of that at all. This case went to trial. The jury concluded that Mr. Richardson wasn't guilty. The more likely finding of the jury was they didn't believe Ms. Bihn, which doesn't mean that everything that the officers said that may be contrary to Ms. Bihn is necessarily a lie. That's the plaintiff's argument. Because Ms. Bihn testified to something different at trial, nonetheless having given a statement to the police several days later under oath, confirming what she told the officers at the scene, in that particular situation, it was clear that the jury probably, more likely than not, concluded she was not being truthful since she was the complainant, and the charges against Mr. Richardson were based on her contention that she was assaulted by him. Thank you very much. Thank you, counsel. Mr. Tavis, you've preserved three minutes. Thank you, Your Honors. The probable cause question is one of the totality of the circumstances. And so the story that the officers tell of coming to a home where there was someone who was badly injured, but then there were also someone who was claiming to be choked and the disheveled apartment and that she was wet, is very different from the story that is backed up by Mr. Richardson as well as Ms. Bihn's testimony at trial. And this court has to look at the plaintiff's version of the events to determine if there was probable cause. But in this case where the police officers were more than just, were essentially like complaining witnesses in bringing this case forward, their presentation of the facts, and it differing from the plaintiff and the other, the alleged victim's story of what happened, casts doubt on the credibility of the officers and therefore on probable cause, because the probable cause in this case depends on their credibility. Could you address opposing counsel's finally made statement that it was your own client who said that he couldn't say more, rather than that the officers didn't bother to ask him? I think that that's probably true. I would concede that there was a dispute about that. But Mr. Richardson, as soon as he was arrested, came down to the police station and gave a statement. And malicious prosecution looks more than just at the moment of the arrest, all the way through the proceedings if probable cause is no longer existed. And Mr. Richardson was continually prosecuted from January 2016 to August 2018 when he was finally, the charges were dismissed against him. So the story that the officers tell is one where reasonable officers could disagree. There is very little evidence, but reasonable officers could disagree. But no reasonable officer would think it's okay to not tell the story the way it happened. To say that they came to a victim when that's not what actually occurred. And this court may conclude that it doesn't matter to probable cause. Even if they didn't come to the house, she wasn't there when they came there, and they are lying about it, that doesn't matter. But I believe that it is clearly, that is, when they say she was there when she wasn't, that's fabrication of evidence. But how does that matter in terms of whether they had cause or probable cause or a reasonable officer might believe her was caused to arrest and prosecute? How does it matter whether they even lied totally about the two being together? If there was enough evidence on the basis of which a reasonable officer would arrest and a reasonable prosecutor would prosecute, then there is qualified immunity. Well, their misstatements undermine whatever evidence there might be that would meet that standard. It undermines it, but the question is, does it undermine it enough so that a reasonable person would not have a basis for going forward? That's the question. The fact that they, and you're saying to us, the fact that the officers, according to you, lied when they said that she was there rather than that she came back and so on, is enough so that all the rest of the evidence that your client may have been involved is not enough so that a reasonable officer would go forward on the assumption that they tried to get more information and your client didn't give it to them. I think that that accurately states the issue in this case, and I thank you for your consideration of the issues. Thank you. Thank you, counsel. Thank you both. We'll take the case under advisement.